## JESSE DRULY

### v.

## ESTATE OF WILLIAM F. JOHNSON, DECEASED.

*Adjudication of Claim against Estate—Note—Whether an Individual or Partnership Liability—Practice—Instructions—Degree of Accuracy Required.*

1. Where the evidence is so complicated as to render the proper determination of the issue doubtful, great accuracy in the instructions is required.

2. In the case presented, in which the question involved is whether a claim against an estate, based on a note given by the deceased, is an indi-

vidual or partnership debt, it is *held:* That the production of the note made a *prima facie* case of individual indebtedness; that an instruction to the effect that the plaintiff "must go further," and show by a preponderance of evidence that the money was loaned to the deceased individually, was misleading, and should have been refused; that an instruction given as to the interest of certain witnesses as heirs of the deceased, though correct as a proposition of law, was erroneous, as containing an argument which was in itself unsound; that an alleged error, which manifestly did the appellant no harm, is immaterial, and that an objection to the answer of the partner of the deceased to a question as to whether he signed the note as surety, was improperly sustained.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. STEVENSON & EWING, for appellant.

Messrs. JOHN J. MORRISSEY and BENJAMIN D. LUCAS, for appellees.

WALL, J. The appellant, Jesse Druly, presented a claim amounting to nearly $8,000 for allowance against the estate of Wm. F. Johnson, deceased.

The chief question in the case was whether the claim should be allowed as the individual debt of Johnson, or as the partnership debt of Johnson & Druly, a firm composed of said Wm. F. Johnson and Wm. M. Druly, a son of the claimant. Johnson wished to raise $6,000, and to accommodate him the claimant, who was his father-in-law, gave a mortgage on his own land for that sum, and the money was paid over to Johnson, for which the latter gave his note to the claimant. This note is signed by Wm. F. Johnson and Wm. M. Druly.

The firm of Johnson & Druly were engaged in business at Joliet, and the money was put into the firm business by Johnson. The case was tried by jury, and there was a verdict for claimant for $7,730, and that the debt was the partnership debt of Johnson & Druly.

We are very strongly inclined to the opinion that this ver-

dict is against the weight of the evidence so far as it finds the character of the debt to be partnership and not individual, and to say the least the evidence was such as to call for great accuracy in the instructions.

The court gave the following instruction at the instance of the estate. "The court instructs the jury, that although the jury may believe, from the evidence, that plaintiff got $6,000, and afterward loaned it to either the deceased, Mr. Johnson, or Johnson & Druly, yet that of itself does not make out a case for the plaintiff; but the plaintiff must go further and show by a preponderance of the evidence that the money was loaned to the deceased, Mr. Johnson, individually."

Of course the burden of proof was on the claimant; and to the mind of a lawyer the proposition involved here might be clear enough, but as applied to the evidence it might easily mislead the jury.

The production of the note made a *prima facie* case of individual indebtedness, and while the evidence offered by the defense might tend to show it was a partnership debt, and therefore it might be literally true that the money was loaned either to Johnson or to Johnson & Druly, yet it was for the jury to say how this was, and it does not follow that there was such ambiguity or lack of proof as to require the plaintiff to "go further." The jury would be left to infer that if by the proof it was shown the money was loaned to the individual or the firm, then there must be some additional proof that it was loaned to the individual; whereas it might well be said, and we think such is the state of the evidence, that while there was more or less doubt, yet upon the whole the preponderance was with the plaintiff. The instruction was calculated to confuse and mislead the jury, and should have been refused.

The following instruction was given at the instance of the estate.

"The court instructs the jury, for the defendant, that witnesses John O. Johnson and Joseph McNaught, under the law, can receive no part or share of the estate of the property of William F. Johnson, deceased, as heirs of said deceased,

until all the debts of said William F. Johnson, both individually and partnership, are paid up."

The object was no doubt to produce a favorable impression of the witnesses referred to or to contradict anything unfavorable, produced by the argument of counsel.

The legal proposition here stated being admitted as correct, yet the inference likely to be drawn by the jury, that these witnesses had no interest in the result, would be erroneous so far as John O. Johnson was concerned. He was a son of the deceased, and had a direct interest in showing that this was a partnership debt. The instruction was nothing if not an argument, and as an argument it was unsound.

Complaint is made of the action of the court in giving the sixth instruction asked by the estate with regard to the mutilation of the note. There is but little if any evidence on which to base it, yet as the jury found the issues for plaintiff as to the point involved, it manifestly did no harm.

It is also insisted there was error in not permitting Wm. M. Druly to testify that he signed the note as surety. The record shows the witness testified that he did so sign the note, and that an objection to this answer was made, and by the court sustained. It is argued by counsel that the whole transaction had been detailed by the witness, and therefore this question but called for his opinion upon the legal effect of it, and that the court did not as a matter of fact exclude it from the jury. When the court sustained the objection it was equivalent to saying that the answer was incompetent, and should not be considered by the jury. While it is true the witness had given in detail what occurred in the transaction, yet we see no reason why he should not be allowed to say categorically in what capacity, whether as principal or surety, he signed the note.

It is to some extent a legal question whether one is a principal or surety, or rather what is the definition of those terms, yet it is in substance a mere question of fact whether in this case the witness was a party to the loan, or whether he signed the note as principal or surety.

We deem it an undue refinement of terms to exclude the

People of Illinois v. Board of Supervisors.

answer to such a question because it involves the expression of a legal opinion or conclusion of the witness.

This would perhaps not be such error as to warrant a reversal of the case, inasmuch as the witness gave quite fully his knowledge of the whole transaction. For the error in giving the instructions referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*